IN THE MATTER OF THE ALLEGED UNETHICAL CONDUCT OF SEYMOUR GELZER, ATTORNEY AT LAW OF THE STATE OF NEW JERSEY.

Argued January 25, 1960—Decided February 22, 1960.

*Mr. Charles C. Shenier* argued the cause on behalf of the Bergen County Ethics and Grievance Committee.

*Mr. Joseph J. MacDonald* argued the cause for respondent Seymour Gelzer (*Mr. Walter H. Jones,* attorney).

PER CURIAM. We are concerned here with two presentments filed against respondent by the Bergen County Ethics and Grievance Committee. The first found him guilty of unprofessional conduct (a) in failing to obtain promptly a policy of title insurance in accordance with an agreement made with his client, and (b) in failing to record promptly the deed which had been executed and delivered to him for recordation. The second declared him guilty of commingling trust funds belonging to his client with personal funds.

■ Our study of the record relating to the first charge reveals that Gelzer was plainly negligent and careless in his handling of the title policy matter and the recording of the deed. His explanation of the tardiness convinces us that the inaction was not willful or of such a character as to warrant a conclusion of unethical conduct. Accordingly, he is found not guilty on this accusation.

After the second presentment was filed in this court, respondent submitted a detailed affidavit describing his handling of the trust funds in question. Although the matters contained therein should have been presented at the hearing before the Committee, we have considered them along with the testimony transmitted to us.

The explanation of his conduct with respect to the funds is not at all impressive. The proofs in their totality lead irresistibly to the conclusion that he is guilty of mishandling those moneys. On numerous occasions we have declared the strict nature of the duty of attorneys in this connection. The most recent pronouncements appear in *In re Banner,* 31 *N. J.* 24 (1959), and in *In re Baron,* 25 *N. J.* 445 (1957). Personal financial stress and an accompanying mental ferment provide no excuse for such dereliction; nor do restoration and proper distribution of the funds after complaint has been made to an Ethics Committee. At most, such factors may be considered in mitigation.

After a full consideration of all of the circumstances, we conclude that respondent is guilty of the charge laid in the second presentment, and that he should be suspended from the practice of law for a period of one year and until the further order of this court.

*For not guilty first charge, for guilty second charge and suspension for one year*—Chief Justice WEINTRAUB, and Justices BURLING, JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—7.

*Opposed*—None.