149 N.J. Super. 269 (1977)
373 A.2d 705
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT AND CROSS-APPELLANT,
v.
WILLIAM ROBERT CHRISTOPHER, DEFENDANT-APPELLANT AND CROSS-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 9, 1977.
Decided April 25, 1977.
*271 Before Judges LORA, CRANE and MICHELS.
Mr. Carl Gottschall argued the cause for appellant and cross-respondent William Robert Christopher (Mr. Stanley C. Van Ness, Public Defender, attorney).
Mr. Marc J. Friedman, Assistant Prosecutor, argued the cause for respondent and cross-appellant State of New Jersey (Mr. Joseph P. Lordi, Essex County Prosecutor, attorney).
Mr. Allan J. Nodes, Deputy Attorney General, argued the cause on behalf of Mr. William F. Hyland, Attorney General of New Jersey, amicus curiae (Mr. William F. Hyland, Attorney General of New Jersey, attorney; Mr. Allan J. Nodes, Deputy Attorney General, of counsel; Ms. Amy L. Schwartz, Deputy Attorney General, on the brief).
*272 The opinion of the court was delivered by MICHELS, J.A.D.
Defendant William Robert Christopher was indicted by the Essex County grand jury and charged with the murder of William Malone. Defendant waived a trial by jury and the matter was tried by the judge alone. At the conclusion of all the evidence the judge found defendant guilty of second degree murder, stating that defendant's extrajudicial confession supported by corroborating evidence provided proof beyond a reasonable doubt that defendant had committed the crime. He was sentenced to State Prison for a term of 10 to 30 years.
Defendant seeks a reversal of his conviction and, alternatively, a modification of his sentence on the following grounds set forth in his brief:
POINT I. Since the State violated the confrontation clause of the Sixth Amendment, the Brady v. Maryland [373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215] due process requirement, Rule 3:13-3 of the New Jersey Rules Governing Criminal Procedure and the due process clause of the Fourteenth Amendment, the defendant's conviction should be reversed.
POINT II. When the State before trial failed to provide defense counsel with the items and information enumerated herein, the defendant's Sixth Amendment right to adequate and effective representation by counsel was destroyed warranting reversal.
POINT III. The restriction of defense counsel's cross-examination of Mr. Hoffman coupled with the court's refusal to compel Irma Gathen's testimony was a denial of defendant's constitutional right to a fair trial.
POINT IV. Viewed in combination the errors complained of in Points I, II and III of this brief were so prejudicial to defendant's due process and fair trial rights that defendant's conviction should be reversed and a new trial ordered.
POINT V. Since there was no independent corroborative proof tending to establish that when the defendant made the admission against interest he was telling the truth, there is insufficient evidence of guilt.
POINT VI. The defendant's sentence is manifestly excessive and should be modified.
We have carefully considered all of defendant's arguments addressed to these issues and find them to be clearly without merit. R. 2:11-3(e)(2).
*273 The record amply supports the trial court's finding that defendant was guilty beyond a reasonable doubt of second degree murder. State v. Johnson, 42 N.J. 146, 162 (1964). In our view, the State's corroborating proofs strengthened defendant's confession and tended to generate a belief in its trustworthiness. State v. Lucas, 30 N.J. 37, 56-58 (1959). See also State v. Ordog, 45 N.J. 347, 364 (1965), cert. den. 384 U.S. 1022, 86 S.Ct. 1942, 16 L.Ed.2d 1025 (1966).
Accordingly, the judgment of conviction and sentence imposed thereon are affirmed.
Additionally, the State has cross-appealed from the trial judge's ruling holding admissible the results of a polygraph test administered to an identification witness by the State prior to trial. This ruling is reported. State v. Christopher, 134 N.J. Super. 263 (Law Div. 1975). The State has no right to cross-appeal from a judgment of conviction and the sentence imposed thereon. See R. 2:3-1. However, since defendant's appeal is properly before us, and for the guidance of the bar and the trial courts, we have determined to deal with the substance of the State's contentions. Cf. Busick v. Levine, 63 N.J. 351, 363-364 (1973), dism. 414 U.S. 1106, 94 S.Ct. 831, 38 L.Ed.2d 733 (1973).
The polygraph test was administered to Lucille Griner, who resided with decedent, Malone, on the second floor of a two-family home. At trial she testified for the State that shortly before the murder she had seen decedent enter the front door of that two-family house. Soon thereafter she heard a commotion and the breaking of glass. She immediately ran across the street to a beauty shop, asked someone to call the police, and then went back to stand in front of the house. While standing there she observed a male come out of the front door, close it and stand on the porch. She testified that this male looked at her, walked away, and when he got to the corner, started to run. Ms. Griner, accompanied by another person, then entered the apartment and found decedent sitting on the couch, critically wounded. Ms. *274 Griner subsequently identified defendant at a police lineup and at the trial as the man she had seen leaving the house.
At the end of the State's case defendant moved for discovery of the results of the polygraph test which the Essex County Prosecutor's Office had given Ms. Griner prior to trial, and then moved for the admission of the results thereof in evidence. The trial judge initially reserved decision on the motion, and then issued a written opinion during trial in which he held that the results of the polygraph test were discoverable because they tended to exculpate defendant, and that they were admissible in evidence because the State had impliedly consented to their admissibility by requesting that the witness submit to the test. State v Christopher, supra, 134 N.J. Super. at 265-267.
We are completely convinced that the trial judge erred in ruling that the results of the polygraph test were admissible in evidence. New Jersey has consistently rejected the admissibility of polygraph evidence in criminal cases, regardless of whether or not the results were favorable to a defendant. See State v. Royster, 57 N.J. 472, 485-486 (1971), cert. den. 404 U.S. 910, 92 S.Ct. 235, 30 L.Ed.2d 182 (1971); State v. Kavanaugh, 52 N.J. 7, 15, n. 2 (1968), cert. den. sub nom. Matzner v. State, 393 U.S. 924, 89 S.Ct. 254, 21 L.Ed.2d 259 (1968); State v. Peetros, 45 N.J. 540, 546 (1965); State v. Driver, 38 N.J. 255, 261 (1962); State v. Walker, 37 N.J. 208, 216 (1962), cert. den. 371 U.S. 850, 83 S.Ct. 89, 9 L.Ed.2d 86 (1962); State v. Cole, 131 N.J. Super. 470, 471 (App. Div. 1974) certif. den. 68 N.J. 135 (1975). The only exception to this rule occurs when the State and the defendant enter into a stipulation to have defendant submit to a polygraph test and have the results introduced in evidence. In such instances effect is given to the stipulation and the polygraph evidence is held admissible. See State v. McDavitt, 62 N.J. 36, 46, 297 A.2d 849, 855 (1972). Recently we have held that such a stipulation may apply with equal effect to the testing of a witness. See State v. *275 Taylor, 139 N.J. Super. 301, 304-305 (App. Div. 1976). However, where a written stipulation has been entered, our Supreme Court has cautioned that
Of course, it must appear that the stipulation is clear, unequivocal and complete, freely entered into with full knowledge of the right to refuse the test and the consequences involved in taking it. * * * [State v. McDavitt, supra]
See also, State v. Valdez, 91 Ariz. 274, 371 P.2d 894, 898 (Sup. Ct. 1962).
Here, the State and defendant did not enter into any stipulation to have Ms. Griner submit to a polygraph test and to introduce the results in evidence, as mandated by our Supreme Court in State v. McDavitt, supra. The fact that the prosecutor requested Ms. Griner to submit to a polygraph test provides no basis from which an inference can be drawn that the State consented to the admissibility of the test results.
While we take judicial notice of the fact that polygraph testing is used extensively by police and law enforcement agencies for investigative purposes, polygraph evidence has not attained that degree of accuracy to warrant our taking judicial notice of its reliability as an aid in learning the truth. Defendant has not offered any evidence that would alter this conclusion. See State v. Community Distributors, Inc., 64 N.J. 479, 482-484 (1974); State v. Walker and State v. Cole, supra.
We recognize that the polygraph evidence may have been exculpatory in nature and thus that the State was duty bound to furnish it to defendant under the principles enunciated in such cases as Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and State v. Vigliano, 50 N.J. 51 (1967). However, we cannot find such evidence admissible in the absence of an explicit stipulation. See State v. Schlater, Iowa, 170 N.W.2d 601, 607 (Sup. Ct. 1969). We are of the view that United States v. Hart, 344 F. Supp. 522 (E.D.N.Y. 1971), *276 relied upon by the trial judge in reaching his conclusion, is clearly contrary to our cases, as well as other federal cases. See, e.g., United States v. Wilson, 361 F. Supp. 510 (D. Md. 1973); United States v. DeBetham, 348 F. Supp. 1377 (S.D. Cal.), aff'd 470 F.2d 1367 (9 Cir.1972), cert. den. 412 U.S. 907, 93 S.Ct. 2299, 36 L.Ed.2d 972 (1973). See also, State v. Schlater, supra.
Accordingly, we hold that the Law Division erred in granting defendant's motion to admit the polygraphic test results in evidence. See 134 N.J. Super. at 265-267.