168 N.J. Super. 311 (1979)
403 A.2d 7
STATE OF NEW JERSEY, (CITY OF NEWARK), PLAINTIFF-APPELLANT,
v.
BUCK BARNES, DEFENDANT-RESPONDENT.
STATE OF NEW JERSEY, (CITY OF NEWARK), PLAINTIFF-APPELLANT,
v.
RONALD UNDERWOOD, EMANUAL WRIGHT, JAMES WRIGHT, AND EARL WRIGHT, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 8, 1979.
Decided May 30, 1979.
*312 Before Judges HALPERN, ARD and ANTELL.
Mr. Thomas W. Matthews argued the cause for appellant (Mr. Salvatore Perillo, attorney; Michael R. Paglione, on the brief).
Mr. Jeffrey E. Fogel argued the cause for all respondents.
*313 The opinion of the court was delivered by HALPERN, P.J.A.D.
We are confronted with an appeal by the State from a judgment in the Essex County Court reversing defendants' convictions in the Newark Municipal Court for violating the City of Newark's hawkers and peddlers ordinance, and acquitting them of the charges brought against them.
The defendants involved are Buck Barnes, Ronald Underwood, Emanuel Wright, James Wright and Ear Wright, against whom a total of 116 complaints were filed. The transcript of the record in the municipal court is unclear, but it would appear that most of the defendants pled guilty and at least Buck Barnes stood trial. Their de novo appeals to the County Court were consolidated. It appears from the record that following the hearing in the County Court, the trial judge rendered a written opinion setting aside defendants' convictions and guilty pleas upon various federal constitutional grounds which we find unnecessary to discuss.
The issue presented, as we see it, is whether the State has a right to appeal from the County Court's determination when the issue of the ordinance's constitutionality was not raised before or after trial in either the Municipal or County Court, but was raised and decided during the de novo trial in the County Court.

I
With respect to those defendants who pled guilty in the municipal court, their guilty pleas do not amount to a waiver of their right to raise the issue of the ordinance's unconstitutionality. See Menna v. New York, 423 U.S. 61, 62, n. 2, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975); see also, Blackledge v. Perry, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed. 2d 628 (1974). The reason for the entry of the guilty pleas is fuzzy in the record, but it is reasonable to infer that after the first defendant was tried and convicted, pleas were entered by defendants on all the remaining counts.

*314 II
In determining whether the State may appeal, we start with the premise that proceedings in municipal courts to prosecute violations of municipal ordinances are essentially criminal in nature. State v. Yaccarino, 3 N.J. 291, 295 (1949). Appeals in such cases are taken to the County Court pursuant to R. 3:23-1, et seq. Thus an acquittal in the County Court following a trial de novo is not appealable by the State. Newark v. Pulverman, 12 N.J. 105, 115 (1953). See N.J. Const. (1947), Art. I, par. 11, which provides that "No person shall, after acquittal, be tried for the same offense."
However, R. 2:3-1 specifically permits the State to appeal in certain criminal actions where to do so would not be violative of the aforesaid constitutional proscription. Subsection (b) of R. 2:3-1 provides that the State may appeal:
b. to the appropriate appellate court from: (1) a judgment of the trial court entered before or after trial dismissing an indictment, accusation or complaint; (2) an order of the trial court entered before trial in accordance with R. 3:5 (search warrants); (3) a judgment of acquittal entered in accordance with R. 3:18-2 (judgment n.o.v.) following a jury verdict of guilty; (4) a judgment in a post-conviction proceeding collaterally attacking a conviction or sentence (5) an interlocutory order entered before or after trial.
Unless the matter comes within the terms of R. 2:3-1 the State is barred from appealing. State v. Christopher, 149 N.J. Super. 269 (App. Div.), certif. den. 75 N.J. 24 (1977). One of the prime reasons for the promulgation of R. 2:3-1 was to give the State the opportunity of appealing decisions adverse to it when the trial court's action is based on legal grounds which make the judgment interlocutory and are not dispositive of the merits of the charge; or, stated another way, the State's right to appeal is limited by R. 2:3-1 so as to be coextensive with new trial preclusions due to the federal and state constitutional double jeopardy clauses. See State v. Lynch, 79 N.J. 327 (1979).
*315 So here, since the constitutionality of Newark's hawkers and peddlers ordinance was not raised before or after trial, but was disposed of by the County Court judge during the de novo hearing by acquitting defendants, the State may not appeal. State v. Lynch, supra; State v. McKelvey, 142 N.J. Super. 259 (App. Div. 1976); Paramus v. Martin Paint, 128 N.J. Super. 138 (App. Div. 1974). As indicated in State v. McKelvey, supra at 261, "The fact that the acquittal was granted for a legal reason, rather than the basis of a factual determination, does not alter the result. This is so whether or not the trial judge may have erred in his ruling." So here, we do not pass upon the validity of the ordinance in question.
Accordingly, we dismiss the appeal, and the County Court's judgment will remain in full force and effect.