284 N.J. Super. 611 (1995)
666 A.2d 177
STATE OF NEW JERSEY IN THE INTEREST OF S.M., A JUVENILE.
Superior Court of New Jersey, Appellate Division.
Argued September 28, 1995.
Decided October 27, 1995.
*613 Before Judges LANDAU,[1] KLEINER and HUMPHREYS.
*614 Alan L. Zegas argued the cause for juvenile-appellant, S.M.
Karen J. Angelo argued the cause for the respondent, State of New Jersey (Nicholas L. Bissell, Jr., Somerset County Prosecutor; Ms. Angelo, Assistant Prosecutor, on the letter brief).
The opinion of the court was delivered by KLEINER, J.A.D.
S.M., a fifteen-year old juvenile, was convicted of two counts of juvenile delinquency which, if committed by an adult, would constitute: (1) first-degree aggravated sexual assault, contrary to N.J.S.A. 2C:14-2a(1); and second-degree aggravated sexual assault, contrary to N.J.S.A. 2C:14-2b. Both charges relate to one event on December 3, 1993, when S.M. was employed to baby-sit A.K., a five-year old male child.
A.K. informed his father that during the afternoon, S.M. "blew through my penis." A.K.'s father immediately contacted police authorities and a police investigator interviewed A.K. At the subsequent trial, the court found A.K. competent to testify. On direct examination, A.K. related that S.M. placed his mouth on A.K.'s penis and instructed A.K. to touch S.M.'s penis while S.M. remained fully clothed. The State presented the testimony of A.K.'s father, who was permitted to repeat A.K.'s version of the events as it had been stated when the incident was first reported. The State also introduced the testimony of the police investigator who repeated the version of the incident as told by A.K. at the initial interview. The two prior statements were consistent with A.K.'s trial testimony. In no rendition did A.K. clearly indicate that his penis entered S.M.'s mouth.
S.M. testified on his own behalf. He admitted that the incident occurred and indicated that although he did place his mouth upon A.K.'s penis, he did not cause the penis to enter his mouth. S.M.'s counsel vigorously argued that the proven facts failed to establish a violation of N.J.S.A. 2C:14-2a(1), and that S.M. should only be found guilty of two second-degree offenses in violation of N.J.S.A. *615 2C:14-2b. The trial court rejected S.M.'s argument, concluding that the act of "fellatio" does not require proof of the insertion or attempted insertion of the victim's penis into the mouth of the perpetrator.
On July 14, 1994, S.M. was sentenced to the Training School for Boys at Jamesburg for a period not to exceed eighteen months on each count of the juvenile delinquency complaint. The sentence on count two was to be served concurrent with the sentence on count one. The court also imposed a $30 penalty payable to the Violent Crimes Compensation Board on each count.
On October 6, 1994, S.M. appeared before the Family Part seeking reconsideration of his original sentence. On October 27, 1994, the trial judge granted S.M.'s motion for reconsideration of sentence and placed S.M. under a two-year period of probation. As conditions of that probation, the judge placed S.M. under "house arrest" and required S.M. to obtain and complete psychological counseling, to follow the recommendation of his physician, and to attend and complete an educational program.
On appeal from both his conviction and his sentence, S.M. raises three points of error:
POINT I
THE FEDERAL AND STATE DUE PROCESS AND FAIR TRIAL RIGHTS OF JUVENILE S.M. WERE VIOLATED BY THE TRIAL JUDGE'S APPLICATION OF AN ERRONEOUS DEFINITION OF "FELLATIO" TO FIND THAT S.M. HAD COMMITTED A FIRST DEGREE SEXUAL OFFENSE.
A. THE TRIAL JUDGE ERRONEOUSLY HELD THAT "FELLATIO", AS THAT TERM IS USED IN THE SEXUAL ASSAULT STATUTE, DOES NOT REQUIRE INSERTION OR ATTEMPTED INSERTION OF THE PENIS INTO THE ORAL CAVITY.
B. S.M.'S FEDERAL AND STATE CONSTITUTIONAL RIGHTS TO DUE PROCESS AND TO A FAIR TRIAL WERE VIOLATED BECAUSE THE SEXUAL ASSAULT STATUTE, AS APPLIED TO DEFENDANT, WAS VAGUE. (Not Raised Below)
POINT II
DEFENDANT'S SENTENCE IS LEGALLY IMPROPER UNDER THE JUVENILE CODE AND VIOLATES HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO DUE PROCESS.

*616 POINT III

THE COURT'S UNFAIR QUESTIONING OF WITNESSES AND ITS ADMISSION OF HEARSAY EVIDENCE VIOLATED S.M. [SIC] STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO DUE PROCESS AND TO A FAIR TRIAL.
In its brief and at oral argument, the State admitted that the trial judge, when resentencing S.M. on October 27, 1994, improperly imposed a probationary term of two years, as S.M.'s original sentence encompassed an eighteen-month period of incarceration. Additionally, the State recognizes that the trial court failed to give S.M. credit against his sentence for the time spent at Jamesburg between July 14, 1994 and the date of resentencing.
At oral argument, we learned that S.M. is no longer under "house arrest" and has been permitted to re-enter the public school system.
The substantial change in facts since the date of original sentencing and the State's admission that the sentence imposed at resentencing was constitutionally impermissible render the issues posed in Point II respecting the "legality" or "propriety" of S.M.'s original sentence moot. On remand, S.M. shall be entitled to a resentence. If again placed on probation, the term of probation may not exceed eighteen months retroactive to July 14, 1994. See N.J.S.A. 2A:4A-44d(2).
We conclude that S.M.'s conviction was correct and accordingly, we affirm that conviction.

I
The New Jersey Criminal Code defines sexual assault as follows:

N.J.S.A. 2C:14-2 Sexual Assault
a. An actor is guilty of aggravated sexual assault if he commits an act of sexual penetration with another person under any one of the following circumstances:
(1) The victim is less than 13 years old.
"Sexual Penetration" is defined, N.J.S.A. 2C:14-1c as:
[V]aginal intercourse, cunnilingus, fellatio or anal intercourse between persons or insertion of the hand, finger or object into the anus or vagina either by the actor or *617 upon the actor's instruction. The depth of insertion shall not be relevant as to the commission of the crime.
S.M. contends that the State failed to prove that A.K.'s penis ever penetrated S.M.'s mouth and that, without proof of penetration, S.M. could only be found guilty of violating N.J.S.A. 2C:14-2b. The trial court, relying upon our decision in State v. C.H., 264 N.J. Super. 112, 624 A.2d 53 (App.Div. 1993) and by analogy, our decision in State v. Fraction, 206 N.J. Super. 532, 503 A.2d 336 (App.Div. 1985), certif. denied, 104 N.J. 434, 517 A.2d 426 (1986), rejected that contention. We agree.
In Fraction, we were required to determine whether the State proved an act of cunnilingus when the victim testified that defendant "`licked [her] outer labia' but did not insert his tongue into her vagina." Id. at 535, 503 A.2d 336. After quoting N.J.S.A. 2C:14-1c, we concluded:
By its very terms, therefore, the phrase "sexual penetration" includes the act of cunnilingus. Although the word "cunnilingus" is not defined in the Code of Criminal Justice, we are in accord with the trial judge's determination that it must be given its ordinary and well understood meaning. (citation omitted). It is generally defined as "oral stimulation of the vulva or clitoris." Webster's Ninth New Collegiate Dictionary 315 (1985). (citations omitted). Thus, by definition cunnilingus constitutes a form of "sexual penetration" under the statute notwithstanding the fact that the actor's tongue is not inserted into the vagina.
[Id. at 535-36, 503 A.2d 336.]
Fraction provides an appropriate analogy to the case before us. The word "fellatio" is not defined by N.J.S.A. 2C:14-1c. Webster's Third New International Dictionary, 836 (3d ed. 1981) defines "fellatio" as "the practice of obtaining sexual satisfaction by oral stimulation of the penis." Thus, by definition, fellatio constitutes a form of "sexual penetration" under the statute notwithstanding the fact that the victim's penis does not enter the actor's mouth. Placement of the actor's mouth on the victim's penis is sufficient to prove a violation of N.J.S.A. 2C:14-1a.
In State v. C.H., the child victim stated that defendant tried to put his penis in her mouth and when she resisted, defendant held her nose to force her mouth open and defendant ejaculated. C.H., 264 N.J. Super. at 129, 624 A.2d 53. Although there had not been *618 penetration, we concluded that C.H. was guilty of attempted fellatio and thus aggravated sexual assault. Id.
Although neither Fraction nor C.H. relied upon decisions in other jurisdictions, the State has properly argued that the view which we have previously adopted is consistent with conclusions reached in those jurisdictions in which the question has been posed. In Thomas v. State, 301 Md. 294, 483 A.2d 6, 20 (1984), cert. denied, 470 U.S. 1088, 105 S.Ct. 1856, 85 L.Ed.2d 153 (1985), the court concluded that kissing a penis constituted an act of fellatio, as contact between the mouth and the penis without penetration was sufficient to constitute an act of fellatio. See also State v. Phillips, 365 So.2d 1304, 1308 (La. 1978), cert. denied, 442 U.S. 919, 99 S.Ct. 2843, 61 L.Ed.2d 287; McDonald v. State, 513 S.W.2d 44, 46-47 (Tex. Crim. App. 1974); State v. Childs, 146 Wis.2d 116, 430 N.W.2d 353, 355 (1988), cert. denied, 489 U.S. 1025, 109 S.Ct. 1154, 103 L.Ed.2d 213 (1989); Murray v. State, 770 P.2d 1131, 1139 (Alaska Ct. App. 1989).
State v. Childs provides an excellent example of similar analysis undertaken by our sister States on facts strikingly similarly to those before us. Childs involved an appeal from the defendant's conviction for second-degree sexual assault. Childs, 430 N.W.2d at 354. The defendant contended that the trial court erred in instructing the jury that "fellatio is the oral stimulation of the penis." Id. at 355. The defendant argued that this instruction relieved the State of its burden of proving penetration as an essential element of the crime charged. Ibid.
The Court of Appeals of Wisconsin considered, as we do here, that in the absence of a statutory definition, a court should rely on the common and ordinary meaning of a word in examining a statute. Ibid. This meaning may be determined by "the definition of a recognized dictionary." Ibid. The court of appeals found that the trial court's instruction comported with the definition of fellatio as found in Webster's New Collegiate Dictionary. This definition "includes oral stimulation of the penis without penetration into the mouth." Ibid. The court therefore upheld the *619 instruction and affirmed the defendant's conviction. We agree with this method of analysis.
We acknowledge that the word "fellatio" may be traced to the past participle of the Latin word "felare" which translated means "to suck." Webster's Third New International Dictionary, 836 (1971). However, the origin of a word does not necessarily dictate its present meaning. Our legislature has not limited "fellatio" to a specific definition but has used that term in its broadest sense. We conclude that placing one's mouth on the penis of a male victim without inserting the victim's penis into the mouth falls within the legislature's proscription of prohibited acts. We conclude that the public is reasonably apprised of the legislative intent based upon concepts of common intelligence and ordinary human experience. See State v. Lashinsky, 81 N.J. 1, 15-16, 404 A.2d 1121 (1979).
The concept of vagueness or indefiniteness rests on the constitutional principle that procedural due process requires fair notice and proper standards for adjudication. The primary issues involved are whether the provision of a penal statute are sufficiently definite to give reasonable notice of the prohibited conduct to those who wish to avoid its penalties and to apprise judge and jury of standards for the determination of guilt. If the statute is so obscure that men of common intelligence must necessarily guess at its meaning and differ as to its applicability, it is unconstitutional.
[Id. (quoting Landry v. Daley, 280 F. Supp. 938, 951-52 (N.D.Ill), appeal dismissed 393 U.S. 220, 89 S.Ct. 455, 21 L.Ed.2d 392 (1968), rev'd on other grounds, sub. nom. Boyle v. Landry, 401 U.S. 77, 91 S.Ct. 758, 27 L.Ed.2d 696 (1971)).]
We accordingly reject S.M.'s contention that N.J.S.A. 2C:14-2 is constitutionally vague as written or as applied.

II
S.M. contends that the use at trial of A.K.'s statement to his father as to the particulars of S.M.'s conduct and the subsequent statement of A.K. to the investigating police officer violated N.J.R.E. 803(c)(27) requiring a reversal of S.M.'s adjudication of delinquency. We disagree.
We note that N.J.R.E. 803(c)(27) provides:

*620 A statement by a child under the age of 12 relating to sexual misconduct committed with or against that child is admissible in a criminal, juvenile, or civil proceeding if (a) the proponent of the statement makes known to the adverse party his intention to offer the statement and the particulars of the statement at such time as to provide him with a fair opportunity to prepare to meet it; (b) the court finds, in a hearing conducted pursuant to Rule 104(a), that on the basis of the time, content and circumstances of the statement there is a probability that the statement is trustworthy; and (c) either (i) the child testifies at the proceeding, or (ii) the child is unavailable as a witness and there is offered admissible evidence corroborating the act of sexual abuse; provided that no child whose statement is to be offered in evidence pursuant to this rule shall be disqualified to be a witness in such proceeding by virtue of the requirements of Rule 601.
Our review of the record demonstrates that S.M.'s counsel objected to the testimony of A.K.'s father, not because it was offered without a prior evidentiary ruling as to trustworthiness, but due to the fact that the prosecutor did not comply with subsection (a) of the rule, which requires notification by the State of its intent to use the prior statement of the victim. Unquestionably, the State had provided defense counsel with a copy of the statement in pretrial discovery. The State failed to specifically inform defense counsel that it intended to present that statement through the testimony of A.K.'s father. We conclude that from the facts of this case, it would be self-evident to defense counsel that the State would call as a witness a five-year old victim's father, when discovery reflected that the victim revealed the act of delinquency to his father a few hours after the event allegedly occurred. S.M.'s objection at trial, without any demonstration of prejudice, was properly overruled.
Our review of the record reveals that the recorded version of A.K.'s statement to his father and thereafter to the investigating police officer was provided in advance of trial to S.M. through pretrial discovery. Although N.J.R.E. 803(c)(27)(b) requires the court to "find, in a hearing conducted pursuant to Rule 104(a), that on the basis of the time, content and circumstances of the statement that there is a probability that the statement is trustworthy," we do not conclude that the failure of the court, sitting as the trier of fact, to conduct a hearing pursuant to Rule 104(a) is so violative of N.J.R.E. 803(c)(27) as to warrant reversal.
*621 Here, the statement of A.K. to his father occurred the very evening of the alleged delinquent conduct and was then briefly repeated in the presence of the investigating officer while A.K.'s father was also present in the room. Here, S.M.'s counsel did not request a Rule 104(a) hearing; S.M. has failed to articulate any prejudice resulting from the court's alleged dereliction in this nonjury proceeding. By the court's findings at the conclusion of this trial, it is clear that the court was fully aware of its responsibility to determine trustworthiness as outlined in Idaho v. Wright, 497 U.S. 805, 822, 110 S.Ct. 3139, 3150, 111 L.Ed.2d 638 (1990), and as discussed in State v. D.R., 109 N.J. 348, 371-77, 537 A.2d 667 (1988). The court considered A.K.'s in-court statement but also considered: (1) the circumstances under which the same statement was made to his father; (2) its spontaneity; (3) the mental state of the declarant; (4) the terminology attributed to the declarant; and (5) the declarant's lack of motive to fabricate.
Additionally, S.M.'s contention that reversal is mandated due to the fact that the trial judge asked several questions of A.K.'s father in order to clarify the testimony is without merit. See R. 2:11-3(e)(2).
Defendant's conviction is affirmed. Defendant's sentence is vacated and this matter is remanded to the Family Part for the imposition of sentence in accordance with this opinion.
NOTES
[1] Judge Landau did not participate in oral argument. Counsel have waived any objection to Judge Landau's participation in this decision.