**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1029-15T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

TIMOTHY C. AMAN,

    Defendant-Appellant.

_____

        Argued March 2, 2017 — Decided  May 23, 2017

        Before Judges Lihotz and Hoffman.

        On appeal from Superior Court of New Jersey,
        Law Division, Cape May County, Indictment Nos.
        13-11-1049 and 14-07-0548.

        Alan L. Zegas argued the cause for appellant
        (Law Offices Alan L. Zegas, attorneys; Mr.
        Zegas and Cissy M. Rebich, on the briefs).

        Gretchen A. Pickering, Assistant Prosecutor,
        argued the cause for respondent (Robert L.
        Taylor, Cape May County Prosecutor, attorney;
        Ms. Pickering, of counsel and on the brief).

PER CURIAM

    Defendant Timothy C. Aman appeals from his conviction, for

first-degree aggravated sexual assault and the imposed sentence

of ten years in prison, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.  Immediately before trial, defendant entered a guilty plea, pursuant to the terms of a negotiated agreement. Although defendant admitted he performed fellatio on K.C., who was not conscious, he now challenges the sufficiency of the factual basis to support the knowledge element of the crime.  We affirm.

I.

These facts, taken from the record on appeal, are not disputed.  Defendant, K.C., and seven others, traveled to Wildwood to attend "senior week" on June 9, 2013.  Defendant and K.C. passed out after drinking alcohol and smoking marijuana.  Defendant awoke and performed fellatio upon K.C., while recording the acts on his cell phone.  Despite the contact, K.C. did not awaken and did not become aware of the event until K.C. watched the video on defendant's phone, a few weeks later.

In a superseding indictment, defendant was charged with first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(7), two counts of third-degree aggravated criminal sexual contact, N.J.S.A. 2C:14-3(a), and two counts of third-degree criminal invasion of privacy, N.J.S.A. 2C:14-9(b).

Defendant filed pre-trial motions.  Apparent from the plea record, defendant moved to bar the State's presentation of the cell phone video, under N.J.R.E. 403, which the judge denied,

finding the probative value of the evidence was not substantially outweighed by any prejudice.[1]

On the eve of trial, defendant entered his guilty plea to first-degree aggravated sexual assault. The plea was subject to the registration and notification requirements of Megan's Law, N.J.S.A. 2C:7-1 to -23, parole supervision for life (PSL), N.J.S.A. 2C:43-6.4, a restraining order under Nicole's Law, N.J.S.A. 2C:14-12, and required a psychological evaluation at Avenel. Otherwise, the plea agreement did not include a sentencing recommendation, but stated defendant would request to be sentenced one degree lower than the charged offense, and the State intended to press for a first-degree sentence.

During the plea hearing, defendant responded to the judge's preliminary questions stating he was age twenty, a high school graduate, and was not subject to a disability, impairment or under the influence of medication, drugs or alcohol. Defendant confirmed he understood the crime charged and that he was pleading guilty. Defendant agreed he received all discovery representing the evidence the State planned to present at trial. Further, defendant stated he executed the plea agreement and supplemental forms after

[1]    The judge recited this prior finding during the plea hearing. The transcript from this and defendant's Miranda challenge is not included in the record.

he had sufficient time to confer with counsel, review each page, and discuss his questions. Next, the judge detailed all mandatory registrations, notifications, evaluations, possible psychological treatment and requirements of PSL and NERA, along with all attendant parole provisions, penalties and assessments attached to a conviction for aggravated sexual assault. Defendant stated he understood each of these requirements.

The judge reviewed the maximum sentence for the charged crimes, as well as defendant's rights to proceed to trial by jury, call and cross-examine witnesses, and present evidence. Defendant waived these rights knowingly and voluntarily, without coercion or influence by undisclosed promises. Defendant acknowledged he understood all ramifications of his decision to plead guilty to first-degree aggravated sexual assault. He then admitted his guilt.

Defendant then was asked questions by his attorney, to establish the factual basis for the offense charged:

> [DEFENSE COUNSEL]: [O]n June 9th of 2013 were you in the City of Wildwood . . . ?
>
> THE DEFENDANT: Yes.
>
> [Q]: At that date and time, did you come into contact with one K.C.?
>
> [A]: Yes.

> [Q]: And, you know who K.C. is just based [on] his initials, correct?
>
> [A]: Yes.
>
> [Q]: And, that date and time and in that place, did you perform an act of fellatio on him while he was physically helpless and otherwise incapacitated?
>
> [A]: Yes.
>
> THE COURT: So therefore without his knowledge?
>
> [A]: Yes.

The judge concluded defendant freely, knowingly, and voluntarily entered an informed guilty plea to the charge of first-degree aggravated sexual assault. He released defendant pending sentencing.

The sentencing hearing included testimony from defendant's clinical psychologist, who discussed his evaluation of defendant. Parties were available to speak on behalf of defendant and the victim. Defendant also proposed to present an expert to opine on the life-threatening effect of prison on defendant, who was struggling with his sexuality. Numerous people wrote character letters supporting defendant. Other documents reviewed by the judge included the pre-sentence report, the Avenel interview and sex offender evaluation, and K.C.'s written victim's impact statement, which expressed his view a prison sentence was

necessary, noting he was victimized by defendant "on more than one occasion and in more than one state."[2]

Applying and weighing aggravating and mitigating factors, N.J.S.A. 2C:44-1(a), (b), the judge sentenced defendant to ten years, the "lowest end of the first-degree [range and the] high end of the second-degree [range.]"

Defendant did not move to vacate his plea. At no time, after entering his plea, has he asserted his innocence.

Defendant filed this appeal, arguing:

> POINT I
>
> DEFENDANT DID NOT PROVIDE AN ADEQUATE BASIS FOR A GUILTY PLEA AND THEREFORE HIS PLEA AND RESULTING CONVICTION MUST BE VACATED.
>
> POINT II
>
> THE TRIAL COURT ERRED IN DENYING DEFENDANT [AN] OPPORTUNITY TO PRESENT MITIGATING FACTORS AND FAILING TO PROPERLY APPLY THE AGGRAVATING AND MITIGATING FACTORS DURING SENTENCING, WHICH RESULTED IN AN EXCESSIVE SENTENCE, WHICH MUST BE VACATED.

## II.

Acceptance or rejection of a defendant's guilty plea rests within the discretion of the trial court. A judge may not accept a guilty plea unless the defendant's testimony supports the basis

---

[2] The record contains numerous references to a separate prosecution in Pennsylvania charging defendant with involuntary deviant sexual intercourse involving the same victim.

for conviction.  See R. 3:9-2 ("[A judge] shall not accept such plea without first questioning the defendant personally, under oath . . . and determining by inquiry of the defendant . . . there is a factual basis for the plea . . . . ").

> Indeed, "it is essential to elicit from the defendant a comprehensive factual basis, addressing each element of a given offense in substantial detail." State v. Campfield, 213 N.J. 218, 236 (2013).  The "court must be 'satisfied from the lips of the defendant,'" State v. Smullen, 118 N.J. 408, 415 (1990) (quoting State v. Barboza, 115 N.J. 415, 422 (1989)), that he committed every element of the crime charged, State v. Sainz, 107 N.J. 283, 293 (1987).
>
> [State v. Urbina, 221 N.J. 509, 526 (2015).]

In Urbina, the Supreme Court detailed the purposes of recording the defendant's factual basis, which assures the defendant fully understands the nature of the charges and makes certain the defendant's conduct meets each element of the charged offenses.  Id. at 526-27.

The Court emphasized the formality of the plea process to meet these goals and to mitigate the possibility a defendant "may enter a plea of guilty to a crime he did not commit to insulate himself from a potentially greater sentence if found guilty by a jury."  Id. at 527 (quoting State v. Taccetta, 200 N.J. 183, 198 (2009)).  "Though we recognize that sometimes an accused, unknown to the trial judge, will perjure himself to put through a plea

agreement, a court cannot give official license to such a practice." Ibid. (quoting Taccetta, supra, 200 N.J. at 198). "Our longstanding commitment to this approach, above all, is intended to preserve the integrity of the criminal justice process and to safeguard against convicting a potentially innocent person." State v. Tate, 220 N.J. 393, 397 (2015).

Accordingly, in engaging the necessary scrutiny, neither the State nor the trial judge should hesitate to require details of the defendant's conduct in committing an offense. Often times the limiting examination to leading questions allows a defendant, after a change of heart, to challenge exactly what was said or not said. Requiring a more precise statement from the lips of a defendant assures the court and the public that a given defendant admits he or she committed the charged offense.

We start our review of this matter by reciting the elements of the crime for which defendant was convicted. "Aggravated sexual assault is a crime of the first degree." N.J.S.A. 2C:14-2.

> An actor is guilty of aggravated sexual assault if he commits an act of sexual penetration with another person under any one of the following circumstances:
>
> . . . .
>
> (7) The victim is one whom the actor knew or should have known was physically helpless or incapacitated . . . or had a . . . defect which rendered the victim temporarily or

permanently incapable of understanding the nature of his conduct, including, but not limited to, being incapable of providing consent.

[N.J.S.A. 2C:14-2(a).]

Important to the elements of the offense is the meaning of sexual penetration, which includes "fellatio . . . between persons . . . ." N.J.S.A. 2C:14-1(c).

> The word "fellatio" is not defined by N.J.S.A. 2C:14-1(c). Webster's Third New International Dictionary, 836 (3d ed. 1981) defines "fellatio" as "the practice of obtaining sexual satisfaction by oral stimulation of the penis." Thus, by definition, fellatio constitutes a form of "sexual penetration" under the statute notwithstanding the fact that the victim's penis does not enter the actor's mouth. Placement of the actor's mouth on the victim's penis is sufficient to prove a violation of N.J.S.A. 2C:14-1(a).
>
> [State in re S.M., 284 N.J. Super. 611, 617 (App. Div. 1995).]

On appeal, defendant focuses his challenge to the alleged absence of proof of the state of mind, urging

> the only reference made during defendant's [plea hearing] to a "knowing" state of mind is that defendant knew who the person was that was being referred to a "K.C." Although defendant, who was intoxicated and smoking pot on the date of the incident, acknowledged performing an act of fellatio upon K.C., defendant was not asked whether, at the time of the act he "knowingly" committed it. Similarly, though defendant stated in court that K.C. was "physically helpless and otherwise incapacitated" when the fellatio

9

occurred, he was not asked whether <u>at the time of the act</u> he knew of K.C.'s incapacitated condition or was of sufficient competence that he should have known of K.C.'s incapacity.

We are not persuaded.

Importantly, a defendant's lack of knowledge that his conduct is a criminal offense is not relevant. <u>N.J.S.A.</u> 2C:2-2(d) provides, in pertinent part:

Neither knowledge nor recklessness nor negligence as to whether conduct constitutes an offense or as to the existence, meaning or application of the law determining the elements of an offense is an element of such offense, unless the definition of the offense or the code so provides.

See also <u>State v. Rowland</u>, 396 <u>N.J. Super.</u> 126, 128 (App. Div. 2007) ("With certain exceptions that are not relevant here, our criminal code makes ignorance of the law irrelevant."), <u>certif. denied</u>, 193 <u>N.J.</u> 587 (2008).

Moreover, a "defendant's admissions 'should be examined in light of all surrounding circumstances and in the context of an entire plea colloquy.'" <u>Campfield</u>, <u>supra</u>, 213 <u>N.J.</u> at 232 (quoting <u>State ex rel. T.M.</u>, 166 <u>N.J.</u> 319, 327 (2001)). "[D]ifferent criminal charges and different defendants require courts to act flexibly to achieve constitutional ends." <u>Id.</u> at 231 (2013) (quoting <u>T.M.</u>, <u>supra</u>, 166 <u>N.J.</u> at 327). Accordingly, the knowledge

element can be gleaned from direct as well as circumstantial evidence.

Essentially, defendant's argument suggests his plea colloquy did not include proof he was aware he was committing an act of sexual penetration and that K.C. was incapacitated. We disagree.

Defendant's plea contains his admission he fellated K.C. "while" the victim was "physically helpless and otherwise incapacitated." These admissions prove defendant not only knew he was engaging in fellatio, but also that he knew K.C. was incapacitated during the sexual assault. Defendant is hard-pressed to prevail on an argument he did not know his manipulation of K.C.'s genitalia, without K.C.'s consent, at a time K.C. was unconscious, constituted a sexual assault.

Further, defendant's arguments choose to ignore the video, which he himself created of the event. Although the video was not played during the plea hearing, we will not ignore the plea was sought as the parties were about to engage in jury selection, and the video was significant evidence in the State's case.[3] In the video, defendant demonstrates the presence of mind and dexterity to record himself performing the sexual assault on the incapacitated victim.

---

[3] The video was admitted and played at sentencing.

A-1029-15T3

Defendant also seeks to rely in part on his post-event "blackout" as demonstrating he had no knowledge of the events. In this regard, defendant suggests since he has no recollection of his conduct, somehow the act was not completed with knowledge. This too is rejected.

Had the judge or counsel probed details depicted on the video or admitted in defendant's custodial statement, a more thorough expression of defendant's state of mind on the night of the sexual assault would have been in the record. We repeat the Supreme Court's "caution" to judges and prosecutors stated in Campfield to do just that so as to end all debate when eliciting from a "defendant a comprehensive factual basis, addressing each element of a given offense in substantial detail, when a defendant is pleading guilty to that offense." Campfield, supra, 213 N.J. at 236. Nevertheless, we are satisfied defendant's admission he "perform[ed] an act of fellatio on [K.C.] while he was physically helpless and otherwise incapacitated" confirms defendant was aware of the sexual act and the victim's condition when he assaulted him. Therefore, we conclude defendant's guilty plea was properly accompanied by a sufficient factual basis, as required by Rule 3:9-2, which is sufficient to uphold his conviction.

Defendant next challenges the application of aggravating factor two as "double counting." Further, defendant challenges

procedures during sentencing which deprived him of the presentation of factual support for application of mitigating factor eleven. We provide the factual findings by the trial judge on these issues.

In imposing the sentence, the judge applied aggravating factor three, because defendant's psychological evaluation found he was a moderate risk for reoffending, which the judge accorded "slightly substantial weight." Factor nine was also applied, citing the need for general deterrence and the need to deter defendant, to which the judge afforded "very substantial weight." At issue here is the judge's application, by clear and convincing evidence, of aggravating factor two.

Generally, application of aggravating factor two focuses on whether "the defendant knew or reasonably should have known that the victim of the offense was particularly vulnerable or incapable of resistance due to advanced age, ill-health, or extreme youth, or was for any other reason substantially incapable of exercising normal physical or mental power of resistance[.]" State v. Lawless, 214 N.J. 594, 599-600 (2013) (quoting N.J.S.A. 2C:44-1(a)(2)). Defendant argues an element of the crime charged is the victim is incapacitated or physically helpless. N.J.S.A. 2C:14-2(a)(7). Thus, he asserts the judge violated the principle

prohibiting double counting any element of an offense as an aggravating factor. State v. Kromphold, 162 N.J. 345, 353 (2000).

The judge's findings state factor two applies "[s]pecifically because the victim was incapacitated and was incapable of exercising normal physical or mental . . . resistance." The judge elaborated adding:

> this fact . . . requires a pragmatic assessment of the totality of the harm inflicted on the victim.
>
> The victim states to this [c]ourt, . . . that he has dealt with anger, shame, fear, embarrassment, self-doubt, and disassociation since the sexual assault.
>
> The [c]ourt also takes into consideration . . . the position taken by the victim's mother in that regard as to the effect it has had with regard to the . . . family unit.
>
> The [c]ourt does find that that is [sic] substantial weight.

The judge recognized the law "compels 'a pragmatic assessment of the totality of harm inflicted by the offender on the victim.'" Lawless, supra, 214 N.J. at 610 (quoting Kromphold, supra, 162 N.J. at 358). Further, the direct consequences of the crime upon the victim may be considered. See State v. Soto, 340 N.J. Super. 47, 72 (App. Div.), certif. denied, 170 N.J. 209 (2001). However, the findings erroneously considered and weighed inappropriate facts in two respects.

First, as noted, the judge expressly mentions the vulnerability of the victim, because he was incapacitated. This represents double counting, because the victim's incapacity is an element of the crime. Second, the judge's remarks reflect consideration of the impact upon the victim's family, which "is irrelevant to the sentencing court's application of aggravating factor two." Lawless, supra, 214 N.J. at 601. Because we have no way of knowing which facts caused the court to accord the factor "substantial weight," we must vacate defendant's sentence and remand for resentencing.

Defendant also asserts the judge failed to consider evidence he sought to present in mitigation of sentence. More specifically, defendant offered character statements from two cousins and a close family friend, in addition to his mother and sixty letters. Further, defendant proffered a "corrections expert" opinion to explain the hardships defendant would face in jail, "given his . . . psychosexual characteristics," which he urged would compromise his safety and life.

On the latter issue, although the judge denied the request to present this expert, he accepted the State's stipulation "go[ing] to prison" would be a hardship for defendant, read and considered the expert's report and applied mitigating factor eleven, giving it "slight weight."

15

"[T]he Code requires an inexorable focus upon the offense when formulating a sentence." State v. Roth, 95 N.J. 334, 367 (1984). The Code adoption was aimed at greater uniformity in sentencing among defendants who commit the same crimes. Id. at 369.

Here, defendant's conviction carries a presumption of incarceration. N.J.S.A. 2C:44-1(d). Defendant's struggle with his sexual orientation is not an exceptional or compelling circumstance that would impact the term of imprisonment.

Finally, whether to allow presentations from defendant's family and friends rests within the trial judge's discretion. Here, the judge permitted any party, who had not submitted a letter, to speak on defendant's behalf. Because his cousins and friend had provided written character submissions that the judge reviewed, additional testimony restating the same facts was found cumulative and deemed unnecessary. This decision does not represent an abuse of discretion.

Accordingly, for the reasons stated, defendant's conviction is affirmed. However, we vacate defendant's sentence and remand for resentencing based on our discussion regarding the applicability and weight of aggregating factor two.

Affirmed in part, reversed and remanded in part.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

16

A-1029-15T3