IN THE SUPREME COURT OF TENNESSEE
AT JACKSON
November 14, 2002 Session

# STATE OF TENNESSEE v. JEFFREY L. MARCUM

**Appeal by Permission from the Court of Criminal Appeals**
**Circuit Court for Madison County**
**No. 99-755      Roy B. Morgan, Jr., Judge**

---

**No. W2000-02698-SC-R11-CD - Filed June 24, 2003**

---

We granted the State permission to appeal pursuant to Rule 11 of the Tennessee Rules of Appellate Procedure to determine whether fellatio requires actual penetration. The defendant was indicted and convicted for rape of a child, aggravated sexual battery and incest. At the close of his trial on these indictments, the defendant requested an instruction on attempted rape of a child, which the trial court denied. On appeal to the Court of Criminal Appeals, the defendant contended that the victim's testimony supported an attempt instruction because a jury could interpret it to be evidence that the defendant did not actually engage in fellatio with the victim, thereby proving that he committed attempted rape and not rape. The appellate court agreed and held that the trial court's failure to instruct on attempted rape was reversible error. We find that fellatio does not require actual intrusion into the victim's mouth, and accordingly, we hold that the evidence did not support an attempt instruction. Therefore, we reinstate the defendant's conviction for rape of a child.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of**
**Criminal Appeals Reversed**

ADOLPHO A. BIRCH, JR., J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and E. RILEY ANDERSON, JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; John H. Bledsoe, Assistant Attorney General; James G. "Jerry" Woodall, District Attorney General; and Jody S. Pickens, Assistant District Attorney General, for the appellant, State of Tennessee.

Clifford K. McGown, Jr., Waverly, Tennessee (on appeal); George Morton Googe, Stephen P. Spracher (at trial and on appeal), and J. Colin Morris (at trial), Jackson, Tennessee, for the appellee, Jeffrey L. Marcum.

## OPINION

### I.  Facts and Procedural History

The defendant, Jeffrey L. Marcum, was convicted by a jury in the Madison County Circuit Court on the indicted offenses of rape of a child, aggravated sexual battery and incest, and he was thereafter sentenced to twenty years confinement. The defendant appealed his conviction to the Court of Criminal Appeals contending that, inter alia, the trial court committed reversible error by not instructing the jury on attempted rape of a child. The defendant asserts that a portion of the victim's testimony supported an attempt instruction. The Court of Criminal Appeals agreed and reversed the conviction. We find that the trial court did not commit an instructional error because there was no evidence of attempt presented at trial. We, therefore, reverse the Court of Criminal Appeals and reinstate the defendant's conviction.

## II. Issue and Standard of Review

The question of whether a given offense should be submitted to the jury as a lesser-included offense is a mixed question of law and fact. State v. Rush, 50 S.W.3d 424, 427 (Tenn. 2001) (citing State v. Smiley, 38 S.W.3d 521 (Tenn. 2001)). The standard of review for mixed questions of law and fact is de novo with no presumption of correctness. Id.; see also State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999).

## III. Analysis

The defendant contends that the trial court erred by not instructing the jury on the lesser-included offense of attempted rape of a child. Determining whether a lesser-included offense must be charged in a jury instruction is a two-part inquiry. Burns, 6 S.W.3d at 467. First, the trial court must determine whether an offense is a lesser-included offense of the offense charged. Id. If an offense is lesser-included, "the question remains whether the evidence justifies a jury instruction on such lesser offense." Id. Attempted rape of a child is a lesser-included offense of rape of a child under part (c) of the Burns test.[1] Accordingly, we next determine whether the evidence presented at the defendant's trial justified a jury instruction on attempted rape of a child.

The determination of whether the evidence supports an instruction on a lesser-included offense is, again, a two-part inquiry. First, the judge must determine whether any evidence exists

---

[1] An offense is lesser-included if:

(a) all of its statutory elements are included within the statutory elements of the offense charged; or
(b) it fails to meet the definition in part (a) only in the respect that it contains a statutory element or elements establishing (1) a different mental state indicating a lesser kind of culpability; and/or (2) a less serious harm or risk of harm to the same person, property or public interest; or
(c) it consists of (1) facilitation of the offense charged or of an offense that otherwise meets the definition of lesser-included offense in part (a) or (b); or (2) an attempt to commit the offense charged or an offense that otherwise meets the definition of lesser-included offense in part (a) or (b); or (3) solicitation to commit the offense charged or an offense that otherwise meets the definition of lesser-included offense in part (a) or (b).

Burns, 6 S.W.3d at 466-67.

that reasonable minds could accept as to the lesser-included offense, viewing the evidence liberally in the light most favorable to the lesser-included offense. Burns, 6 S.W.3d at 469. Second, the trial judge must determine whether the evidence, viewed in this light, is legally sufficient to support a conviction for the lesser-included offense. Id.; see also State v. Langford, 994 S.W.2d 126, 128 (Tenn. 1999). Further, part (c) of the Burns test, which makes an attempt a lesser-included offense, applies "to situations in which a defendant attempts to commit . . . either the crime charged or a lesser-included offense, but no proof exists of the completion of the crime." State v. Ely, 48 S.W.3d 710, 719 (Tenn. 2001).

The defendant alleges that viewing the evidence in this light, portions of the victim's testimony supported an attempt instruction. BV,[2] the victim, testified that she engaged in fellatio with the defendant. In the testimony relevant to this appeal, BV testified that "[the defendant] made me put my mouth on his private part." In response, the defendant testified that this event never happened and that he was never left alone with BV.

The defendant contends that BV's testimony could be interpreted by the jury to mean that fellatio never occurred. The defendant concedes that under the statute rape is unlawful sexual penetration[3] and that the statutory definition of sexual penetration includes fellatio.[4] He, however, apparently suggests that the act of fellatio requires that the male sex organ intrude inside the mouth of the victim and that mere contact between the male sex organ and the mouth of the victim is insufficient. We cannot agree with this contention.

The question is whether the offense of fellatio can be accomplished by contact between the defendant's penis and the mouth or lips of the victim, and to resolve this issue we need not embark upon an extensive discussion of anatomy. Instead, we look to the language of the statute and the common definition of the terms contained therein. The language of the statute clearly indicates a legislative intent to separate certain defined sexual acts ("intercourse, cunnilingus, fellatio, and anal intercourse") from other non-defined sexual conduct described only as "any other intrusion." The phrase, "or any other intrusion," has no modifying effect upon the defined sexual acts. The word "or," as used in the statute, is a coordinating conjunction that functions merely to introduce a generic non-specific alternative. Thus, there is no expressed requirement within the statute that "intrusion" into the mouth is necessary to accomplish fellatio.

---

[2] It is the policy of the Court not to identify minor children involved in sexual abuse cases by name. See State v. Moore, 6 S.W.3d 235, 238 n.1 (Tenn. 1999). Instead, we will identify the minor victim in this case as "victim" or by her initials, BV.

[3] "Rape of a child is the unlawful sexual penetration of a victim by the defendant or the defendant by the victim if such victim is less than thirteen (13) years of age." Tenn. Code Ann. § 39-13-522(a) (1997).

[4] Sexual penetration is defined as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of the person's body or of any object into the genital or anal openings of the victim's, the defendant's, or any other person's body, but emission of semen is not required." Tenn. Code Ann. § 39-13-501(7) (1997).

The legislature does not define the term "fellatio" in the statute, so we rely on its direction that "provisions of [title 39] shall be construed according to the fair import of their terms, including reference to judicial decisions and common law interpretations, to promote justice, and effect the objectives of the criminal code." Tenn. Code Ann. § 39-11-104 (1997). The fair import of terms includes relying upon the natural and ordinary meaning of the language used. State v. Logan, 973 S.W.2d 279, 282 (Tenn. Crim. App. 1998). For the natural and ordinary meaning, we start with the dictionary and then turn to applicable case law to interpret the meaning of the term "fellatio."

In Black's Law Dictionary fellatio is defined as "a sexual act in which the mouth or the lips come into contact with the penis." Black's Law Dictionary, 616 (6th ed. 1990);[5] see also Webster's Third New Int'l Dictionary, 836 (1975) (defining fellatio as "the practice of obtaining sexual satisfaction by oral stimulation of the penis"). Further, the term "fellatio" was defined by this Court in Sherrill v. State, 321 S.W.2d 811, 813 (Tenn. 1959). We said in Sherrill that "fellatio . . . in common language means sexual perversion committed with the male sexual organ and the mouth." Id. In our pattern jury instructions, fellatio is defined as a sex act accomplished with the male sex organ and the mouth of another. Tenn. Pattern Jury Inst. - Crim 10.06. Thus, the conclusion is clear that intrusion into the victim's mouth is not required to accomplish fellatio as prohibited by Tennessee Code Annotated section 39-13-522.

This holding accords with the holdings of other states and with an unpublished opinion by the Court of Criminal Appeals. See Murray v. State, 770 P.2d 1131, 1139 (Alaska Ct. App. 1989); People v. Sommerville, 299 N.W.2d 387, 390-91 (Mich. Ct. App. 1989); State v. Ludlum, 281 S.E.2d 159, 162-63 (N.C. 1981); State v. Fraction, 503 A.2d 336, 337-38 (N.J. Super. Ct. 1985); Carter v. State, 176 S.E.2d 238, 240 (Ga. Ct. App. 1970); State v. Orona, 638 P.2d 1077, 1079-80 (N.M. 1982) (overruled on other grounds by Brewer v. State, 523 S.E.2d 18 (Ga. 1999)); see also State v. Morgan, 574 S.E.2d 203, 208 (S.C. Ct. App. 2002) (citing Stephan v. State, 810 P.2d 564, 568 (Alaska Ct. App. 1991) for the proposition that fellatio does not require penetration of or by any organ, but that mere contact with the mouth and the genitals is sufficient). But cf. People v. Johnson, 442 N.W.2d 625 (Mich. 1989) (adopting the dissent from the court of appeals that held kissing the defendant's penis was insufficient evidence of sexual penetration).

Having decided that the statutory term "sexual penetration" includes fellatio, and that fellatio can be accomplished without intrusion into the victim's mouth, we examine whether the evidence presented at the defendant's trial supports an attempt instruction. The testimony in this case was susceptible of only two interpretations–that the rape occurred or that it did not. The victim's testimony that the defendant forced her to place her mouth "on" his "private part" is evidence that she engaged in fellatio and, therefore, supports a rape instruction. The defendant testified that this event never happened and, further, that he was never left alone with the victim at all. There was no evidence of attempt, and the jury found BV a more credible witness. Thus, no instruction on attempt was warranted. See Burns, 6 S.W.3d at 471.

---

[5]Interestingly, the term "fellatio" is not contained in the seventh edition, the most recent edition, of Black's Law Dictionary.

## IV. Conclusion

In accordance with the foregoing, we find that fellatio does not require that the defendant's sex organ intrude into the victim's mouth. Accordingly, there was no evidence of attempted rape of a child presented at trial, and the trial court did not err by not instructing on this lesser-included offense. The Court of Criminal Appeals is reversed, and the defendant's conviction for rape of a child is reinstated. Costs of this appeal are taxed to the defendant.

_____
ADOLPHO A. BIRCH, JR.