IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 12, 2005

## STATE OF TENNESSEE v. ANTHONY GRIFFIN

**Direct Appeal from the Criminal Court for Shelby County**
**No. 01-10130     Joseph B. Dailey, Judge**

_____

**No. W2003-01636-CCA-R3-CD  - Filed September 30, 2005**

_____

The appellant, Anthony Griffin, was convicted by a jury of aggravated assault and felony evading arrest. After the trial, the trial court set aside the conviction for aggravated assault. The appellant was sentenced to twelve (12) years as a career offender for the Class D felony evading arrest conviction. After the denial of a motion for new trial, this appeal ensued. On appeal, the appellant argues that the trial court failed to properly instruct the jury on the lesser-included offenses of evading arrest and that he was improperly sentenced as a career offender. For the following reasons, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**

JERRY L. SMITH, J., delivered the opinion of the court, in which NORMA MCGEE OGLE, J., joined and JAMES CURWOOD WITT, JR., J., filed separate concurring opinion.

C. Anne Tipton, Memphis, Tennessee, for the appellant, Anthony Griffin.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; William L. Gibbons, District Attorney General; and Al Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On the evening of March 11, 2001, Officers John Shields and Brian Dill of the Shelby County Sheriff's Department were serving outstanding warrants in the Memphis area. The squad car driven by the officers was similar to other sheriff's vehicles, but it did not have a light bar on the top of the vehicle. Instead, the squad car had blue "wig wag" lights in the grill area on the front of the vehicle.

Around 10:00 p.m., the squad car was nearly hit by a black and silver Chevrolet Suburban with its lights off that ran through a stop sign at an intersection near North Parkway and McLean

Street.  The officers had to hit their brakes to avoid a collision.  The Suburban "hit the median, went a little airborne over the median, came across the median, and hit the curb on the far south side of the street on the eastbound lanes of traffic, bounced off of it, went up in a yard a little bit, came back down and continued on at a high rate of speed."  Several other cars had to take evasive action in order to avoid a collision with the Suburban.  The appellant was the driver of the Suburban.

At that time, Officers Shields and Dill initiated a pursuit of the appellant by activating the lights and sirens on the squad car.  The Suburban continued down McLean Street at a high rate of speed as it approached a red light where a car was stopped waiting for the light to change.  The Suburban went around the car to the left, ran through the light and continued up the street, veering off onto a side street for a short distance prior to running off the road in a residential area.  The Suburban ended up in the front yard of a residence.  The left front tire was blown out.

The officers exited their vehicle and approached the Suburban with their weapons drawn.  They ordered the appellant to exit the vehicle, but the appellant appeared to be attempting to free the vehicle from the muddy yard by gunning the motor and rocking the car from forward to reverse.  Eventually, the car came unstuck and started "spinning around" and came directly at Officer Shields at a high rate of speed.  Both officers fired multiple shots at the appellant and his vehicle, trying to get the appellant to stop.

The appellant drove a short distance, running another stop sign, until he finally stopped in the middle of the street and exited the vehicle.  The appellant had been shot three (3) times, but the passenger in the vehicle was unharmed.

The appellant was indicted by the Shelby County Grand Jury in August of 2001 on charges of aggravated assault and intentionally evading arrest.  After a jury trial, the appellant was convicted of both aggravated assault and Class D evading arrest.  The appellant filed a motion for new trial in which he challenged the sufficiency of the evidence.[1]  At the hearing on the motion for new trial, the trial court set aside the conviction for aggravated assault based on the credibility of the officers' testimony at trial, but denied the motion as to the conviction for evading arrest.  The trial court sentenced the appellant to twelve (12) years as a career offender for evading arrest.  The appellant filed a timely notice of appeal.  On appeal, the appellant argues that the trial court erred by failing to properly charge the jury with the lesser-included offenses of evading arrest and that he was improperly sentenced as a career offender because the State failed to prove his status as such beyond a reasonable doubt.

<u>Analysis</u>
<u>Lesser-Included Offenses of Evading Arrest</u>

---

[1]According to the record, a second hearing was held on an "Amended Motion for New Trial."  The amended motion does not appear in the record.

Specifically, the appellant argues that he was prejudiced by the trial court's failure to charge Class E evading arrest as a lesser-included offense of Class D evading arrest. The appellant acknowledges that trial counsel failed to object to the jury instructions at trial and thus urges this Court to review the matter under plain error. The State argues that the trial court's failure to charge the jury with Class E evading arrest was harmless beyond a reasonable doubt.

At the outset, we note, as admitted by the appellant, that the appellant did not object to the jury instructions at trial and this issue was not included in the motion for new trial. When an issue is raised for the first time on appeal, it is typically waived. State v. Alvarado, 961 S.W.2d 136, 153 (Tenn. Crim. App. 1996). However, as urged by the appellant, we may address the issue in the event there was plain error on the part of the trial court. State v. Smith, 24 S.W.3d 274, 282 (Tenn. 2000). In order to review an issue under the plain error doctrine, five (5) factors must be present: (1) the record must clearly establish what occurred in the trial court; (2) a clear and unequivocal rule of law must have been breached; (3) a substantial right of the defendant must have been adversely affected; (4) the accused did not waive the issue for tactical reasons; and (5) consideration of the error is necessary to do substantial justice. See Smith, 24 S.W.3d at 282-83; State v. Adkisson, 899 S.W.2d 626, 641 (Tenn. Crim. App. 1994); see also Tenn. R. Crim. P. 52(b).

When reviewing a trial court's failure to instruct on a lesser-included offense, it is a mixed question of law and fact. State v. Marcum, 109 S.W.3d 300, 302 (Tenn. 2003) (citing State v. Rush, 50 S.W.3d 424, 427 (Tenn. 2001)). Therefore, we review such questions de novo, with no presumption of correctness. Id.

Tennessee Code Annotated section 40-18-110(a) states:

(a) When requested by a party in writing prior to the trial judge's instructions to the jury in a criminal case, the trial judge shall instruct the jury as to the law of each offense specifically identified in the request that is a lesser included offense of the offense charged in the indictment or presentment. However, the trial judge shall not instruct the jury as to any such offense unless the judge determines that the record contains any evidence which reasonable minds could accept as to the lesser included offense. In making this determination, the trial judge shall view the evidence liberally in the light most favorable to the existence of the lesser included offense without making any judgment on the credibility of such evidence. The trial judge shall also determine whether the evidence, viewed in this light, is legally sufficient to support a conviction for the lesser included offense.
(b) In the absence of a written request from a party specifically identifying the particular lesser included offense or offenses on which a jury instruction is sought, the trial judge may charge the jury on any lesser included offense or offenses, but no party shall be entitled to any such charge.
(c) Notwithstanding any other provision of law to the contrary, when the defendant fails to request the instruction of a lesser included offense as required by this section, such instruction is waived. Absent a written request, the failure of a trial judge to

> instruct the jury on any lesser included offense may not be presented as a ground for relief either in a motion for a new trial or on appeal.

Tenn. Code Ann. § 40-18-110(a)-(c) (2003). This statute is an amendment to Tennessee Code Annotated section 40-18-110 which became effective January 1, 2002. The appellant's trial was held on March 31, April 1 and 2, 2003, therefore, this statute is applicable to the appellant's case. The appellant herein did not ask for the complained of lesser-included offense to be included in the instructions to the jury. According to Tennessee Code Annotated section 40-18-110, the appellant's issue would, therefore, be waived. However, a panel of this Court has held that the amendment to Tennessee Code Annotated section 40-18-110 is unconstitutional. In State v. Robert Page, No. W2003-01342-CCA-R3-CD, 2004 WL 3352994 (Tenn. Crim. App. at Jackson, August 26, 2004), perm. app. granted, (Tenn. Jan. 18, 2005), we stated:

> [W]e are constrained to hold that the waiver provision of Tennessee Code Annotated section 40-18-110 is an unconstitutional abrogation of a criminal defendant's constitutional right to have the jury charged on all offenses included within the indicted offense and supported by the proof adduced at trial. Accordingly, we hold that the Defendant's failure to request an instruction . . . does not waive the Defendant's right to have the jury so instructed.

Page, 2004 WL 3352994, at *14. This Court then went on to analyze the defendant's issue under a harmless error analysis. Even when this Court has determined that a lesser-included offense issue is waived because of the amended statute, the majority of cases have gone on to address the issue on the merits. See State v. Brandon Patrick, No. E2003-02382-CCA-R3-CD, 2005 WL 544738, at *10-11 (Tenn. Crim. App., at Knoxville, Mar. 8, 2005); State v. Curtis Buford, No. W2003-00370-CCA-R3-CD, 2004 WL 385200, at *4-6 (Tenn. Crim. App. at Jackson, Mar. 2, 2004); State v. Nesha Newsome, No. W2002-01306-CCA-R3-CD, 2003 WL 23100597, at *4-7 (Tenn. Crim. App. at Jackson, Dec. 30, 2003); State v. Brian Larice Cureton, No. M2002-00835- CCA-R3-CD, 2003 WL 22303084, at *11-12 (Tenn. Crim. App. at Nashville, Oct. 8, 2003). We agree with this Court's opinion as written in Page. Thus, we will analyze the appellant's issue under a harmless error analysis, if the error is harmless beyond a reasonable doubt, it will not be plain error because addressing the issue will not be necessary to do substantial justice.

### Lesser-Included Offenses Analysis

The first step in our analysis is a determination of whether the complained of offense is actually a lesser-included offense of Class D felony evading arrest. In State v. Burns, 6 S.W.3d 453 (Tenn. 1999), the following test for determining whether an offense is a lesser-included offense of another was established by our supreme court:

> An offense is a lesser-included offense if:
> (a) all of its statutory elements are included within the statutory elements of the

offense charged; or

(b) it fails to meet the definition in part (a) only in the respect that it contains a statutory element or elements establishing

(1) a different mental state indicating a lesser kind of culpability; and/or

(2) a less serious harm or risk of harm to the same person, property or public interest; or

(c) it consists of

(1) facilitation of the offense charged or of an offense that otherwise meets the definition of lesser-included offense in part (a) or (b); or

(2) an attempt to commit the offense charged or an offense that otherwise meets the definition of lesser-included offense in part (a) or (b); or

(3) solicitation to commit the offense charged or an offense that otherwise meets the definition of lesser-included offense in part (a) or (b).

Burns, 6 S.W.3d at 466-67. An instruction on a lesser-included offense must be given if the trial court, viewing the evidence most favorably to the existence of the lesser-included offense, concludes (a) that "evidence exists that reasonable minds could accept as to the lesser-included offense," and (b) that the evidence "is legally sufficient to support a conviction for the lesser-included offense." Burns, 6 S.W.3d at 469. The failure to instruct the jury on lesser-included offenses requires a reversal for a new trial unless a reviewing court determines that the error was harmless beyond a reasonable doubt. State v. Ely, 48 S.W.3d 710, 727 (Tenn. 2001). In making this determination, the reviewing court must "conduct a thorough examination of the record, including the evidence presented at trial, the defendant's theory of defense, and the verdict returned by the jury." State v. Allen, 69 S.W.3d 181, 191 (Tenn. 2002).

The appellant argues that the trial court should have instructed the jury on Class E felony evading arrest. Class E felony evading arrest is clearly a lesser-included offense under Part (a) of the Burns test as it is one class lower than the offense for which the appellant was convicted. We reached this identical conclusion in State v. Kerry L. Dowell, No. M2002-00630-CCA-R3-CD, 2003 WL 21486978 (Tenn. Crim. App. at Nashville, June 27, 2003), perm. app. denied, (Tenn. Nov. 24, 2003) and State v. Gregory Dunnorm, No. E2001-00566-CCA-R3-CD, 2002 WL 1298770 (Tenn. Crim. App. at Knoxville, June 12, 2002). Thus, it is apparent that Class E felony evading arrest is a lesser-included offense of Class D felony evading arrest.

### Harmless Error Analysis

The analysis does not stop with the determination of whether or not an offense is a lesser-included offense. In State v. Ely, 48 S.W.3d 710 (Tenn. 2001), our supreme court stated that after we determine whether the complained of offenses are actually lesser-included offenses, we are then required to determine whether failure to instruct on these offenses is harmless error beyond a reasonable doubt. This requirement has since become the tool with which a reviewing court determines whether the failure to instruct on a lesser-included offense is reversible error. More recently, our supreme court has fleshed out when the failure to instruct on a lesser-included offense

is harmless error beyond a reasonable doubt. In State v. Richmond, 90 S.W.3d 648 (Tenn. 2002), our supreme court stated that, "In [State v. Allen, 69 S.W.3d 181 (Tenn.2002)], we reemphasized the principle that the failure to instruct on a lesser-included offense is harmless beyond a reasonable doubt when the 'omitted element is uncontested and supported by overwhelming and uncontroverted evidence.'" Richmond, 90 S.W.3d at 661. In order to be harmless error, the error must not affect the outcome of the trial. Id.

Class D and Class E felony evading arrest are found at Tennessee Code Annotated section 39-16-603. That statute provides:

> (b)(1) It is unlawful for any person, while operating a motor vehicle on any street, road, alley or highway in this state, to intentionally flee or attempt to elude any law enforcement officer, after having received any signal from such officer to bring the vehicle to a stop.
>
> . . . .
>
> (3) A violation of subsection (b) is a Class E felony unless the flight or attempt to elude creates a risk of death or injury to innocent bystanders or other third parties, in which case a violation of subsection (b) is a Class D felony.

Tenn. Code Ann. § 39-16-603(b)(1) & (3). Class D felony evading arrest requires that the perpetrator's flight create a risk of death or injury to innocent bystanders, which is not required for Class E felony evading arrest. In the case herein, the jury also convicted the appellant of aggravated assault in addition to Class D felony evading arrest. A person commits aggravated assault who: "(1) Intentionally or knowingly commits an assault as defined in § 39-13-101 and: (A) Causes serious bodily injury to another; or (B) Uses or displays a deadly weapon; or (2) Recklessly commits an assault as defined in § 39-13-101(a)(1), and: (A) Causes serious bodily injury to another; or (B) Uses or displays a deadly weapon." Tenn. Code Ann. § 39-13-102. Clearly the jury determined that the appellant "intentionally or knowingly" committed an assault and acted in such a way as to create a "risk of death or injury" to another person. Despite the fact that the trial court opted to set aside the conviction for aggravated assault, it is apparent from the verdict that the jury believed that the appellant created a "risk of death or injury." The State has proven that the trial court's failure to instruct on Class E felony evading arrest has not affected the outcome of the trial. Under these circumstances, we can say beyond a reasonable doubt that the jury, if given the option of Class E felony evading arrest, would not have abandoned its findings of a risk to third parties and convicted only of the Class E crime. Therefore, we determine that the trial court's failure to instruct the jury on Class E felony evading arrest is harmless beyond a reasonable doubt.

Because we have found that the failure to instruct on the lesser-included offenses was harmless error beyond a reasonable doubt, a substantial right of the defendant has not been affected. The appellant has not proven all five elements required under Adkisson. Therefore, there is no plain error with regard to this issue and the issue is waived.

<u>Status as a Career Offender</u>

The appellant next argues that the trial judge erred by sentencing him as a career offender. He argues that there is insufficient evidence in this record that he has the requisite six (6) prior felony convictions to be sentenced as a career criminal for a Class D felony. Specifically, the appellant argues that "the record is devoid of any proof, other than the State of Tennessee reading from a document prepared by their office, of prior convictions of the Appellant" and that "there is no indication in the record that [the prior convictions were] reviewed by the trial court . . . before [the] sentence was determined and executed." The State alleges that the appellant has waived the issue because he "first stipulated, then contested the issue, but failed to follow up despite several opportunities."

A "career offender" is a defendant who has received "at least six (6) prior felony convictions of any classification if the defendant's conviction offense is a Class D or E felony." Tenn. Code Ann. § 40-35-108(a)(3). However, "[c]onvictions for multiple felonies committed as part of a single course of conduct within twenty-four (24) hours constitute one (1) conviction for the purpose of determining prior convictions." Tenn. Code Ann. § 40-35-108(b)(4).

If a defendant is determined beyond a reasonable doubt to be a career offender, the defendant's sentence is set at the maximum term within the applicable Range III. Tenn. Code Ann. § 40-35-108(c). The release eligibility for a career offender does not occur until after service of sixty percent (60%) of the imposed sentence less any sentence credits. Tenn. Code Ann. § 40-35-501(f).

In the case herein, at the sentencing hearing, the appellant's trial counsel initially stipulated that the appellant had the requisite number of convictions to qualify as a career offender, but later argued that some of the convictions may be for multiple felonies committed as part of a single course of conduct within twenty-four (24) hours and, therefore, constituted only one conviction for the purpose of determining prior convictions to establish the appropriate range. Tenn. Code Ann. § 40-35-108(b)(4). At the sentencing hearing, the State relied on the list of prior felony convictions filed by the District Attorney General as part of the notice filed in accordance with Tennessee Code Annotated section 40-35-202(a). The attorney for the State commented that the appellant had "at least six prior qualifying felony convictions up to at least, up to ten depending on the date of the offense . . . ." The assistant district attorney went on to list nine (9) prior felonies and the trial court noted that "those [convictions] are set out on the notices that were given by the State that's part of the record in the jacket." At that point, the appellant's attorney argued that "some of the offenses that were enumerated . . . arose out of the same course of conduct." However, the appellant's attorney did not object to the assistant district attorney's reference to the indictments or the trial court's consideration of same. The trial court concluded that the requisite number of prior felonies to achieve career offender status were present. The assistant district attorney admitted that the actual indictments had not yet been filed, but that they would be submitted as soon as they were ready. The trial court agreed that they were a necessary part of the record and stated, "we'll just hold off then and see what the record reflects in that regard." About a month later, there was a hearing on an

amended motion for new trial during which there was no mention of the indictments or the appellant's status as a career offender.

The appellant correctly argues that we are unable to ascertain independently from this record that the trial court was correct in finding six (6) qualifying prior felony convictions. However, we also are unable to determine that the trial court was incorrect because this record does not contain all of the evidence considered by the trial court on this issue. It is evident from the sentencing hearing that the assistant district attorney had not yet attached copies of the indictments that supported the convictions listed on the notice of intent to seek enhanced punishment which was filed in this case. Neither the notice itself nor the copies of the indictments appear in the record on appeal, though the appellant asserts that they were all attached to the "court jacket" which is "not part of the appellate record." As recounted above, the assistant district attorney and the trial judge engaged in a colloquy concerning the indictments as they related to whether or not certain felonies were committed as part of a single course of conduct within twenty-four (24) hours. It is also apparent that, at the time of the sentencing hearing, the indictments were not attached to the file. At the hearing, the assistant district attorney merely listed the indictments as well as their dates and discussed the same with the trial court after which the trial court concluded that the requisite six (6) felony convictions were proven. In that same discussion, the trial court agreed to "hold off" to "see what the record reflects."

> In State v. Ballard, 855 S.W.2d 557 (Tenn. 1993), our Supreme Court stated as follows:
>
> When a party seeks appellate review there is a duty to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues forming the basis of the appeal. State v. Bunch, 646 S.W.2d 158, 160 (Tenn. 1983). Where the record is incomplete and does not contain a transcript of the proceedings relevant to an issue presented for review, or portions of the record upon which the party relies, an appellate court is precluded from considering the issue. State v. Roberts, 755 S.W.2d 833, 836 (Tenn. Cr. App. 1988). Absent the necessary relevant material in the record an appellate court cannot consider the merits of an issue. See T.R.A.P. 24(b). The defendant has failed to properly preserve this issue for appeal.

855 S.W.2d at 560-61.

Without a complete record of the evidence presented and considered by the trial judge at the sentencing hearing, we cannot conclude that the trial judge erred in classifying the appellant as a career offender. This issue is without merit.

## Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE