# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs May 26, 2010

## STATE OF TENNESSEE v. STANLEY WADE ROWE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2008-C-2220     Cheryl A. Blackburn, Judge**

---

**No. M2009-01423-CCA-R3-CD - Filed March 4, 2011**

---

The appellant, Stanley Wade Rowe, was found guilty by a Davidson County Criminal Court Jury of burglary and theft of property valued over $500 but less than $1000. Following his convictions, the trial court imposed a total effective sentence of twelve years in the Tennessee Department of Correction. On appeal, the appellant challenges the sufficiency of the evidence supporting his convictions, the trial court's denial of the appellant's request for a jury instruction on the lesser-included offenses of attempted burglary and attempted theft, and the length of the sentence imposed by the trial court. Upon review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court are Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Jeffrey A. DeVasher (on appeal), Kristin Neff and Gary Tamkin (at trial), Nashville, Tennessee, for the appellant, Stanley Wade Rowe.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Bret Gunn, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Factual Background

At trial, Allison Dillon, the managing director of the Nashville Children's Theater, testified that when she reported to work at 8:30 a.m. on Tuesday, January 22, 2008, she discovered that a lower window in the box office had been broken, and a large rock was on the floor. Inside the box office, she discovered that a Macintosh laptop computer and a red cellular telephone, which belonged to a patron, were missing. Dillon stated that the laptop computer was four or five years old and that its value was $700. The burglary and theft were reported to police.

Dillon said the box office was constructed as part of a $6.3 million dollar renovation in 2007. The grand opening was on December 1, 2007. Dillon stated that the appellant never worked for any of the contractors or subcontractors who worked on the theater during the renovation. Dillon said that when the last person left the building on Sunday, January 20, 2008, the theater was locked to prevent intruders, and it was not reopened until her arrival on Tuesday. She surmised that the burglary occurred between Sunday afternoon and Tuesday morning.

Metropolitan Police Officer William Kirby testified that he examined the box office for evidence. He found a fingerprint on the drywall above the broken window. Belinda Shea, the fingerprint analyst for the police department, examined the fingerprint and determined that it matched the appellant's right thumbprint. Shea's supervisor, Julia Hooper, concurred with Shea's analysis.

Twelve contractors and subcontractors who worked on the theater's renovation testified that the appellant was never an employee of their companies.

The appellant did not testify or put on proof.

Based upon the foregoing, the jury convicted the appellant of burglary and theft of property valued between $500 and $1000. The trial court sentenced the appellant as a Range III persistent offender to concurrent sentences of twelve years and six years, respectively.

On appeal, the appellant argues that the evidence is insufficient to sustain his convictions, that the trial court erred in refusing to instruct the jury on the lesser-included offenses of attempted burglary and attempted theft, and that the sentence imposed by the trial court was excessive.

## II. Analysis

### A. Sufficiency of the Evidence

On appeal, a jury conviction removes the presumption of the appellant's innocence and replaces it with one of guilt, so that the appellant carries the burden of demonstrating to this court why the evidence will not support the jury's findings. See State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). The appellant must establish that no reasonable trier of fact could have found the essential elements of the offense beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); Tenn. R. App. P. 13(e).

Accordingly, on appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. See State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). In other words, questions concerning the credibility of witnesses and the weight and value to be given the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact, and not the appellate courts. See State v. Pruett, 788 S.W.2d 559, 561 (Tenn. 1990).

Tennessee Code Annotated section 39-14-103 provides, "A person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent." Tennessee Code Annotated section 39-14-402(a)(4) provides that

> (a) A person commits burglary who, without the effective consent of the property owner:
>
> (1) Enters a building other than a habitation (or any portion thereof) not open to the public, with intent to commit a felony, theft or assault . . . .

The appellant does not contest that the box office window was broken or that a laptop computer and cellular telephone were taken from the box office. Nor does he contest Dillon's assessment that the laptop computer was worth $700. Instead, the appellant argues that the State's case regarding his identity as the perpetrator was entirely circumstantial, being based solely upon his fingerprint in the box office, and does not exclude every reasonable hypothesis except his guilt.

Tennessee law clearly provides that a guilty verdict can be based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. See State v. Pendergrass, 13 S.W.3d 389, 392-93 (Tenn. Crim. App. 1999). The appellant is correct that previous case law provided that a guilty verdict may result from purely circumstantial evidence if the facts and circumstances of the offense are "so strong and cogent as to exclude every other reasonable hypothesis save the guilt of the [appellant]." State v. Crawford, 470 S.W.2d 610, 612 (Tenn. 1971). However, our supreme court recently rejected the Crawford

standard, holding that "direct and circumstantial evidence should be treated the same when weighing the sufficiency of the evidence." State v. Genaro Dorantes, __ S.W.3d __, No. M2007-01918-SC-R11-CD, 2011 WL 208306, at *8 (Tenn. at Nashville, Jan. 25, 2011). The court explained "'that where the jury is properly instructed on the standards for reasonable doubt,' an additional instruction that circumstantial evidence 'must be such as to exclude every reasonable hypothesis other than that of guilt . . . is confusing and incorrect.'" Id. (citing Holland v. United States, 348 U.S. 121, 139-40 (1954)); see also Jackson, 443 U.S. at 319. Accordingly, the appellant's contention that his convictions must be reversed because the evidence at trial did not exclude every hypothesis except his guilt is unavailing.

Additionally, we note that this court has previously stated that "'[f]ingerprint evidence alone may support a conviction and the weight to be given to such evidence is for the jury's determination.'" State v. Richmond, 7 S.W.3d 90, 92 (Tenn. Crim. App. 1999) (quoting State v. Evans, 669 S.W.2d 708, 710 (Tenn. Crim. App. 1984)). In the instant case, the record is devoid of any evidence, "[a]side from idle speculation," to suggest an innocent reason for the appellant's fingerprint to be in the box office. Id. Therefore, we conclude there was sufficient evidence in the record to establish the appellant's guilt of burglary and theft of property between $500 and $1000. See State v. Anthony S. Carie, No. M2000-02942-CCA-R3-CD, 2001 WL 1152818, at **3-4 (Tenn. Crim. App. at Nashville, Oct. 1, 2001).

## B. Jury Instructions

The appellant challenges the trial court's failure to charge attempted burglary and attempted theft of property, respectively, as lesser-included offenses of burglary and theft of property, respectively. A defendant has a "constitutional right to a correct and complete charge of the law." State v. Teel, 793 S.W.2d 236, 249 (Tenn. 1990). Accordingly, trial courts "should give a requested instruction if it is supported by the evidence, embodies a party's theory, and is a correct statement of the law." State v. Phipps, 883 S.W.2d 138, 150 n. 20 (Tenn. Crim. App. 1994). Moreover, we have previously noted that "[w]e must review the entire [jury] charge and only invalidate it if, when read as a whole, it fails to fairly submit the legal issues or misleads the jury as to the applicable law." State v. Forbes, 918 S.W.2d 431, 447 (Tenn. Crim. App. 1995). A charge resulting in prejudicial error is one that fails to fairly submit the legal issues to the jury or misleads the jury about the applicable law. State v. Hodges, 944 S.W.2d 346, 352 (Tenn. 1997).

Initially, we note that the appellant acknowledges that although he made an oral request for the attempt instructions, he failed to make a written request as required by Tennessee Code Annotated section 40-18-110. The State argues that the failure to make the

written request resulted in waiver of the issue. The appellant contends the error is subject to plain error review.

Tennessee Code Annotated section 40-18-110(a) and (b) provides that a party in a criminal case must submit to the trial court in writing a request for a lesser-included offense instruction and that in the absence of such a request, the party is not entitled to the instruction. Further, when the request for a lesser-included offense instruction is not made in writing, the issue is waived and may not be presented as a ground for relief in a motion for new trial or on appeal. Tenn. Code Ann. § 40-18-110(c). Therefore, the State correctly asserts the appellant's failure waives plenary appellate review of this issue. State v. Nelson, 275 S.W.3d 851, 863 (Tenn. Crim. App. 2008). Regardless, the appellant correctly asserts the issue may still be addressed as plain error. State v. Page, 184 S.W.3d 223, 230 (Tenn. 2006).

Tennessee Rule of Appellate Procedure 36(b) provides that "[w]hen necessary to do substantial justice, [this] court may consider an error that has affected the substantial rights of a party at any time, even though the error was not raised in the motion for a new trial or assigned as error on appeal." See also Tenn. R. Evid. 103(d). We may only consider an issue as plain error when all five of the following factors are met:

> (a) the record must clearly establish what occurred in the trial court; (b) a clear and unequivocal rule of law must have been breached; (c) a substantial right of the accused must have been adversely affected; (d) the accused did not waive the issue for tactical reasons; and (e) consideration of the error is "necessary to do substantial justice."

State v. Adkisson, 899 S.W.2d 626, 641-42 (Tenn. Crim. App. 1994) (footnotes omitted); see also State v. Smith, 24 S.W.3d 274, 283 (Tenn. 2000) (adopting the Adkisson test for determining plain error). Furthermore, the ""plain error" must be of such a great magnitude that it probably changed the outcome of the trial.'" Adkisson, 899 S.W.2d at 642 (quoting United States v. Kerley, 838 F.2d 932, 937 (7th Cir. 1988)).

Clearly, attempt is considered a lesser-included offense under subsection (c) of the test set forth in State v. Burns, 6 S.W.3d 453, 466-67 (Tenn. 1999). However, once the court determines an offense is a lesser-included offense, the court must then determine whether "the record contains any evidence which reasonable minds could accept as to the lesser included offense . . . view[ing] the evidence liberally in the light most favorable to the existence of the lesser included offense." Tenn. Code Ann. § 40-18-110(a). Then, the trial

court "shall . . . determine whether the evidence, viewed in this light, is legally sufficient to support a conviction for the lesser included offense." Id.; see also Burns, 6 S.W.3d at 469.

Our supreme court has stated that "part (c) of the Burns test, which makes an attempt a lesser-included offense, applies 'to situations in which a defendant attempts to commit . . . either the crime charged or a lesser-included offense, but no proof exists of the completion of the crime.'" State v. Marcum, 109 S.W.3d 300, 303 (Tenn. 2003) (quoting State v. Ely, 48 S.W.3d 710, 719 (Tenn. 2001)). In other words, an instruction on a lesser-included offense under part (c) of the Burns test is not warranted unless a reasonable juror could have found that the appellant was guilty of attempt as opposed to the completed crime. Id. at 304.

In the instant case, the trial court found the proof either established that the appellant completed the crimes of burglary and theft or that he did not; therefore, there was no evidence of an attempt. See State v. Jerome Bond, No. W2004-02557-CCA-R3-CD, 2005 WL 3343803, at *5 (Tenn. Crim. App. at Jackson, Dec. 8, 2005). We agree. Accordingly, we conclude the trial court did not err in refusing to charge the jury on attempted burglary or attempted theft.

### C. Sentencing

Finally, the appellant argues that the trial court erred in imposing the maximum sentences for each conviction. Appellate review of the length, range or manner of service of a sentence is de novo. See Tenn. Code Ann. § 40-35-401(d) (2006). In conducting its de novo review, this court considers the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement by the appellant in his own behalf; and (8) the potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210 (2006); see also State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991). The burden is on the appellant to demonstrate the impropriety of his sentence. See Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts. Moreover, if the record reveals that the trial court adequately considered sentencing principles and all relevant facts and circumstances, this court will accord the trial court's determinations a presumption of correctness. Id. at (d); Ashby, 823 S.W.2d at 169.

Although the trial court should also consider enhancement and mitigating factors, the statutory enhancement factors are advisory only. See Tenn. Code Ann. § 40-35-114 (2006); State v. Carter, 254 S.W.3d 335, 343-44 (Tenn. 2008). We note that "a trial court's weighing

of various mitigating and enhancement factors [is] left to the trial court's sound discretion." Carter, 254 S.W.3d at 345. In other words, "the trial court is free to select any sentence within the applicable range so long as the length of the sentence is 'consistent with the purposes and principles of [the Sentencing Act].'" Id. at 343. "[A]ppellate courts are therefore left with a narrower set of circumstances in which they might find that a trial court has abused its discretion in setting the length of a defendant's sentence . . . [and are] bound by a trial court's decision as to the length of the sentence imposed so long as it is imposed in a manner consistent with the purposes and principles set out in sections -102 and -103 of the Sentencing Act." Id. at 346.

In sentencing the appellant, the trial court found him to be a Range III persistent offender. As an enhancement factor, the court found that the appellant had an extensive criminal history, consisting of multiple convictions for driving on a suspended license, multiple convictions for misdemeanor theft, disorderly conduct, public intoxication, and resisting arrest. See Tenn. Code Ann. § 40-35-114(1). Additionally, the record reflects that the appellant had prior probationary or parole sentences revoked. See Tenn. Code Ann. § 40-35-114(8). Therefore, the trial court imposed a sentence of twelve years for his Class D felony conviction for burglary and six years for his Class E felony conviction for theft of property between $500-$1000.

On appeal, the appellant does not challenge his classification as a Range III persistent offender. He also does not argue the trial court incorrectly found two enhancement factors, and he "acknowledges that he is unable to contest the weight given to the enhancement factors found by the trial court." However, he contends that because there were no physical injuries inflicted in this case and because no one was endangered, the principles of sentencing dictate that he should receive a lesser sentence.

We agree with the appellant that enhancement factors are advisory only, however, we may not revisit the weight attributed by the trial court to those factors. See Tenn. Code Ann. § 40-35-210(c); Carter, 254 S.W.3d at 343-44. In the instant case, substantial evidence exists supporting the existence of the enhancement factors. Therefore, we cannot conclude the trial court erred in imposing the maximum sentence for each offense.

### III. Conclusion

In sum, we conclude there was sufficient evidence to establish the appellant's guilt of burglary and theft of property based upon his fingerprint being on the wall beside a broken window of the box office from which a laptop computer and cellular telephone were missing when there was no innocent reason for his fingerprint to be there. Additionally, the appellant was not entitled to instructions on attempted burglary or attempted theft of property. Finally,

the trial court did not err in imposing the maximum sentence for each offense.  Accordingly, we affirm the judgments of the trial court.

_____

NORMA McGEE OGLE, JUDGE